### DALE v. EVERSON.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

BILLS AND NOTES (§ 537*)—ACTION—QUESTION FOR JURY—CONSIDERATION.
  In an action on a note, the question whether there was any considera-
  tion *held*, on the evidence, for the jury.
  [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 537.*]

Appeal from Trial Term, Onondaga County.

Action by Mildred F. Dale against Alice M. Everson. From a judgment of nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ernest I. Edgcomb, for appellant.
Louis L. Waters, for respondent.

KRUSE, J. The action is brought upon a promissory note, made by the defendant, payable to the order of the plaintiff, for $600, dated June 26, 1908, payable one year after date, with interest semiannually. The answer puts in issue the making of the note, and sets forth as a separate defense that it was obtained by fraud and duress, that it never had any valid inception and was wholly without consideration. At the close of the evidence the plaintiff moved for a direction of a verdict on the ground that the defendant had failed to make out a de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fense. The defendant moved for a dismissal of the complaint upon grounds stated in detail, covered by her answer. A colloquy occurred between the trial judge and the attorneys, the judge holding that there was no consideration for the note, but allowing the defendant to open the case to introduce evidence upon the question as to whether the plaintiff was a bona fide holder thereof, it appearing that the note, if it ever had any legal inception or consideration was for services rendered by the plaintiff's father, and the note made payable directly to the plaintiff at the request of the father, upon which she advanced to him, as he claimed, the face value thereof. Plaintiff's counsel excepted to the holding that there was no consideration of the note, and recalled the plaintiff upon the other question. She testified that the note came into her possession on June 26, 1908; that it was given to her by her father, and offered to prove that when he delivered it to her she paid to him the sum of $600, and that no part had been repaid. The offer was excluded, the plaintiff excepted and the court dismissed the complaint. Plaintiff's counsel excepted to the ruling, and asked to go to the jury, upon all the questions in the case, which was denied and plaintiff excepted.

I think the question as to whether there was any consideration for the note was one of fact. The making of the note by the defendant is admitted by her. Neither does she dispute the fact that Frank J. Webb, the plaintiff's father, rendered services for her in connection with her real estate matters in Syracuse. But she contends that the services were gratuitous and that the note was given by her, not to pay for his services, but as an accommodation to him. She bases her claim largely upon a letter written by Frank J. Webb to her, five years before the note was given, in which Webb states that he had theretofore done very little in her interest, and that whatever he might be able thereafter to do would be solely on the basis of friendship, and without expectation of being paid in any other way than by her appreciation.

Webb's testimony leads to a different conclusion than what she contends for. He says that he told her that he had had a good deal of trouble of late in financial matters and was hard up; that the matter of compensation was one that had been up at various times and talked about, but that they had never got down to a decision; that he would like to have the matter settled up because he would like to use some money to pay off a lot of bills; that the first two years he was assisting her he did not make any charge whatever, and that it was done for friendship's sake; but that the last four years she had been away from the city a large part of the time; that she had not helped him in any way, and he had devoted a great deal of time he could ill afford to devote to her business.

It is unnecessary to state in detail the entire conversation. It culminated, as he claims, in the giving of this note for his services, he, at the same time, giving her a receipt for $600, in full settlement of account for commissions and services to and including July, 1908. The receipt was produced on the trial, and its terms are not in dispute.

I think it cannot be held upon the evidence as a matter of law that

the note was without consideration. That question should have been submitted to the jury.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.